IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-98-47-M |
| ) | |
| DAVID C. HICKS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Defendant David Hicks's ("Hicks") *pro se* Motion for Clarification of Judgment and Commitment Order to Make Restitution ("Motion for Clarification"). The Motion has been fully briefed and is now ripe for determination. For the reasons that follow, the Court construes Hicks's Motion for Clarification as a 28 U.S.C. § 2241 petition for a writ of habeas corpus and transfers the same to the United States District Court for the Northern District of Texas.

I.    Background

After pleading guilty to a one-count information charging conspiracy to defraud the United States in violation of 18 U.S.C. § 286, Hicks was sentenced to a twenty-seven-month term of incarceration to be followed by a three-year term of supervised release. Additionally, Hicks was ordered to pay $11,403.95 in restitution to the Internal Revenue Service ("IRS"). In its oral pronouncement of sentence, this Court stated:

> The Defendant is ordered to pay restitution to the IRS in the amount of $11,403.95 which shall be due immediately. If restitution is not paid immediately, the Defendant shall make restitution payments in monthly installments of not less than $100 a month until such time as restitution has been paid in full. The Defendant shall begin making restitution payments not more than 30 days after release from confinement.

Change of Plea/Sentencing Hr'g Tr. at 25.  The restitution language later incorporated in Hicks's Judgment and Commitment Order substantially conforms to the Court's earlier, oral pronouncement. Judgment and Commitment Order at 6 ("[R]estitution - due immediately.  If not paid immediately, the defendant shall make restitution payments in monthly installments of not less than $100.00, until such time as restitution has been paid in full.  The defendant shall begin making restitution payments not more than 30 days following release from confinement.").

In September of 2004,[1] the Bureau of Prisons ("BOP") developed a restitution payment plan for and with Hicks and began subtracting restitution payments from his prison trust fund account pursuant to that plan and in accordance with the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.10 *et seq*.  These actions prompted Hicks to file his Motion for Clarification, in which he asserts that "[t]he sentencing minutes reflecting the oral pronouncement of sentence clearly indicate that the restitution was to be paid upon release from prison."  Mot. for Clarification at 1. In furtherance of this assertion, Hicks urges the Court to "clarify [his] sentencing order of restitution, to prevent the Bureau of Prisons, specifically the Federal Correctional Institution of Seagoville, from setting [his] restitution payment schedule and ordering restitution payments during [his] incarceration."  *Id.* at 4.

II.     Discussion

The Court begins by examining the issue of jurisdiction.  Before considering the merits of any post-conviction motion, the Court must be satisfied that it has jurisdiction to do so.  Hicks's self-styled "Motion for Clarification" is not predicated upon any statute or procedural rule.  Indeed,

---

[1]     Hicks was serving time on an unrelated state-law sentence until June of 2004, when he came into the custody of the Bureau of Prisons for service of his sentence in this case.

Hicks describes his Motion for Clarification as "simply that . . . . [A request from the defendant to his sentencing judge to affirm or clarify the language pertaining to the beginning of his payment schedule]. Defendants [sic] motion for clarification is not meant to be perceived or misconstrued as a petition[ ] under 28 USC § 2241 or § 2255." Hicks's Reply to Government's Br. at 2 (bracketed language is original). The government contends that Hicks's Motion for Clarification should be construed as a habeas petition brought pursuant to 28 U.S.C. § 2241. So construed, the government argues, Hicks's Motion is not properly before this Court because Hicks is incarcerated in Texas, and § 2241 petitions must be filed in the federal judicial district where the petitioner is confined.[2] *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Relying on secondary authority, Hicks maintains that his Motion for Clarification "is brought before the correct judicial district."[3] Hicks's Reply to Government's Br. at 1. More specifically, he asserts that "if the language of a sentence is ambiguous, the sentencing judge must be the designee to determine the correct and precise interpretation."[4] *Id.* at 2.

Contrary to Hicks's assertion, a federal district court has no general and continuing jurisdiction to "clarify" a sentence that it imposed if such clarification would implicate the validity or execution of the sentence. Any such request for clarification must be pursued in accordance with

---

[2] Hicks is incarcerated at the Federal Correctional Institution at Seagoville, which is located within the Northern District of Texas.

[3] Specifically, Hicks cites § 819 of American Jurisprudence, Second, Criminal Law. That section provides: "A high degree of exactitude is required in the pronouncement of judgments imposing penal servitude, and a sentence should be definite, certain, and not dependent upon any contingency or condition. It should clearly reveal the intention of the court as to the punishment to be inflicted. Where the contrary is the case, the benefit of any doubt should be resolved in favor of the defendant." 21A Am. Jur. 2d *Criminal Law* § 819 (footnotes omitted).

[4] The Court finds no support for this proposition in the cited authority.

either 28 U.S.C. § 2241 or 28 U.S.C. § 2255, as appropriate. A habeas petition filed pursuant to § 2241 "attacks the execution of a sentence." *Bradshaw*, 86 F.3d at 166. In contrast, a petition filed pursuant to § 2255 "attacks the legality of detention." *Id.*

As stated above, Hicks has not identified any specific jurisdictional basis, apart from his unsupported assertion that a district court always retains jurisdiction to explain or modify a sentence that it imposed, for his Motion for Clarification. However, the Court finds that Hicks's Motion for Clarification at least arguably implicates both the validity and the execution of his sentence.

Hicks primarily argues that the BOP has misinterpreted this Court's judgment as it pertains to the issue of restitution, stressing his belief that the Court clearly directed, in its oral pronouncement of sentence, that restitution payments begin *after* his release from incarceration. *See* Mot. for Clarification at 1 (arguing that the BOP's actions are inconsistent with this Court's oral pronouncement of sentence, which "clearly indicate[d] that the restitution was to be paid upon release from prison"). Hicks's primary argument undoubtedly constitutes an attack on the execution of his sentence.

Liberally construing Hicks's submissions, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court finds that a second, alternative argument may be discerned, namely, that the Court may have improperly delegated to the BOP authority to establish a payment schedule for his restitution. *See* Mot. for Clarification at 2-4 (citing cases for the proposition that district courts may not delegate to probation officers or the BOP authority to establish restitution payment schedules); Hicks's Reply to Government's Br. at 3 ("The question presented in this case is whether the Court may . . . delegate to the BOP's IFRP the authority to determine, within a range, the amount of

4

installment payments of restitutional [sic] order."). Hicks's alternative argument, unlike the first, is more properly characterized as an attack on the legal validity of his sentence.

In view of the nature of Hicks's claims, the Court finds that the Motion for Clarification should be construed as having been filed pursuant to either § 2241 or § 2255.

The determination as to whether a post-conviction motion should be construed as a § 2241 petition or a § 2255 petition is one with important jurisdictional consequences. "A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined . . . . A 28 U.S.C. § 2255 petition . . . must be filed in the district that imposed the sentence . . . ." *Bradshaw*, 86 F.3d at 166 (citation omitted).

Hicks's Motion for Clarification arguably implicates both the legal validity and the execution of his sentence and, therefore, arguably fits within the scope of § 2241 *and* § 2255. In this connection, the Court acknowledges that § 2255 is "[t]he exclusive remedy for testing the validity of a judgment and sentence, *unless* it is inadequate or ineffective . . . ." *Bradshaw,* 86 F.3d at 166 (emphasis added). The fact that Hicks's alternative argument appears to be an attack on the legal validity of this Court's sentence, therefore, would seem to require that the Motion be construed as a § 2255 petition *unless* that statute is "inadequate or ineffective." As explained below, the Court finds that § 2255 is indeed "inadequate" in this instance.

Section 2255 applies only to prisoners "claiming the right to be released." 28 U.S.C. § 2255. In reliance on this limitation, every federal court of appeals to have considered the question has held that "a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody." *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (collecting cases), *cert.*

*denied*, 541 U.S. 1000 (2004); *see also United States v. Papa*, No. 02-6313, 2004 WL 1068878, at *3 (10th Cir. May 13, 2004) (unpublished op.) (holding that a § 2255 petitioner "cannot challenge [a restitution] award under § 2255 . . . because he is not 'claiming the right to be released' from custody based on that claim");[5] *United States v. Swallow*, No. 01-6272, 2002 WL 1023661, at *1 (10th Cir. May 22, 2002) (unpublished op.)[6] ("[A]lthough there are no decisions by this court that address the availability of § 2255 to challenge a restitution order, all of the circuits that have addressed the issue agree that challenges to restitution may not be considered in § 2255 proceedings.").

In one unpublished opinion that turned on the "right to be released" limitation of § 2255, *United States v. Corcho*, No. 02-7747, 2003 WL 1712118 (4th Cir. Apr. 1, 2003) (per curiam) (unpublished op.),[7] the Fourth Circuit addressed a factual and procedural scenario substantially similar to the one here involved. In that case, the appellant was convicted of conspiracy to possess with intent to distribute a controlled substance and sentenced to 120 months' incarceration. 2003 WL 1712118, at *1. The district court imposed a $5,000 fine, $200 of which was to be paid immediately, "with the balance to be paid in installments to commence thirty days after the date of judgment." *Id.* The district court did not establish a payment schedule. *Id.* The BOP, however, not only established a payment schedule but also began subtracting installment payments from the appellant's institutional account. *Id.* The appellant filed a "motion for administrative relief,"

---

[5] This unpublished opinion is cited for its persuasive value in accordance with 10th Cir. R. 36.3(B)(1)-(2).

[6] *See supra* note 5.

[7] This unpublished opinion is cited for its persuasive value in accordance with 4th Cir. Loc. R. 36(c).

asserting "that the district court had improperly delegated its authority to set the amount and timing of his fine payments to the BOP." *Id.* The district court construed the motion as a § 2255 petition and dismissed it as successive. *Id.* The Fourth Circuit reversed, observing that the appellant's motion "only challenges the implementation of the fine portion of his sentence," *id.*, and holding that "[b]ecause [the appellant] does not seek to be released from custody and it is well settled that § 2255 relief may not be granted when the litigant challenges only a fine or restitution order, we construe his motion as a petition for habeas corpus relief arising under 28 U.S.C. § 2241 (2000)." *Id.* The Fourth Circuit then vacated the district court's order and remanded for a determination of whether it would be more appropriate to transfer the appellant's § 2241 petition to the proper judicial district or to dismiss it without prejudice. *Id.*

The Court finds the reasoning employed by the Fourth Circuit in *Corcho* is both relevant and highly persuasive in the instant case. The Court further finds, just as the Fourth Circuit held in *Corcho*, and in conformity with the weight of authority, that where, as here, a prisoner does not claim a right to be released from custody and would not be so entitled by virtue of his post-conviction challenge to an aspect of his sentence, § 2255 is "inadequate" and does not apply. Thus, even if the alternative argument in Hicks's Motion for Clarification can be liberally viewed as an attack on the legal validity of his sentence, rather than its execution, the Motion for Clarification must be construed as a § 2241 petition, and one which this Court is without jurisdiction to consider. Further, even if Hicks's Motion is viewed strictly as an attack on the execution of his sentence, as the Court believes it should, the Motion should likewise be construed as a § 2241 petition, and again, this Court is without jurisdiction to consider it. In either event, the jurisdictional result is the same.

III.     Conclusion

For all of the above-stated reasons, the Court finds that Hicks's Motion for Clarification of Judgment and Commitment Order to Make Restitution [docket no. 35] should be construed as a habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  Because § 2241 petitions must be filed in the federal judicial district where the petitioner is confined, which in this case is the Northern District of Texas, the Court hereby TRANSFERS Hicks's Motion to the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED this 19th day of April, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE